Roy K. PEACE, Jr., Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 40771.

Missouri Court of Appeals,
Western District.

Feb. 14, 1989.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Steven A. Fritz, Sedalia, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

BERREY, Judge.

The state appeals from an adverse decision by the Circuit Court of Pettis County reinstating defendant's drivers license after suspension by the Director of Revenue.

Defendant was observed by Officer Monti Richardson of the Sedalia Police Department at approximately 2:00 a.m., on December 6, 1987, driving his motor vehicle in an erratic manner. Richardson testified he was on patrol when he saw defendant's car traveling at a high rate of speed in a residential area. According to Richardson he also was crossing yellow lines and stopping several times when passing over railroad tracks. The defendant was stopped by Officer Richardson and asked to hand over his drivers license. He fumbled with it, dropping it in his lap several times before getting it to the officer. Officer Richardson testified he smelled alcohol on defendant's breath; that defendant's eyes were blood shot and watery and his speech slurred. Defendant exhibited poor balance, stumbling in the heel to toe test, and turning left when instructed to turn right. He could not properly recite the alphabet nor count from three to thirty by threes. He was unable to keep his eyes closed when performing the "finger to nose test." Defendant admitted to having three beers. For his single point on appeal, appellant alleges the trial court erred in refusing to admit the Blood Alcohol Test Report of Officer Yates as a business record.

The state produced the arresting officer who testified as to the probable cause for the initial stop and subsequent arrest. He also testified that he was present when Officer Yates went through his check list and gave the breathalyzer test. Though subpoenaed by the state, Officer Yates failed to appear. Yates was the officer who held a Type III permit and administered the breathalyzer to defendant, completing a written checklist as required prior to administration of the breath test. It is this checklist and breathalyzer result that the defendant was successful in keeping out of evidence at the trial and from which ruling the state appeals.

The regulations of the Division of Health, 19 CSR 20–30.031, provide the operating procedures for the breath analyzers. Officer Richardson held a Type II permit which:

Authorizes an individual to operate a breath analyzer and to perform any or all of the following duties: to conduct training courses for the operation of breath analyzers that are approved by the department; to conduct training courses approved by the department to qualify for a Type II permit; to make field repairs on breath analyzers as indicated on the permit; to perform maintenance checks on breath analyzers as required by the department; and to supervise operators of breath analyzers.

Officer Yates held a Type III permit under 19 CSR 20–30.041, which authorized him to operate the breathalyzer machine.

The court demonstrated its pique over the action of Officer Yates in ignoring his subpoena. The court stated:

I understand the position it puts the State, but that's the officer's fault for not abiding by the subpoena. As I think I mentioned to you yesterday, I'd be very happy to issue a capias and when he comes back he'll have a nice gift from this court and probably won't ever again not obey a subpoena that's issued at your request or at the order of this Court. And since you have not requested that, I'll deny the admission of that document.

Officer Richardson, holder of the Type II permit, testified he was present and observed the method and techniques Yates used in following the directives of the division. He observed Yates complete the breathalyzer check sheet of the Division of Health. Richardson observed Yates sign the form. He too signed as a witness.

Officer Stetzenbach testified he was the custodian of the "files for breathalyzer operators." The files he has custody of contain applications to the state for permits to operate the breathalyzer, copies of the Type III permits and "any other training that they may receive relevant to their breathalyzer certificates." The state offered a copy of the Type III permit Yates had been issued that had been kept in the records maintained by the Sedalia Police Department and it was received over defendant's objection.

Next the state sought to admit Exhibit E, the checklist used by the department in blood alcohol reports. Donna Yeley, a records clerk at the Sedalia Police Department, testified she kept all records for the Sedalia Police Department, including records relating to driving offenses. She produced the blood alcohol test report from her records.

Although not presented in the usual manner, the state laboriously established that the record was made in the regular course of business at or near the time of the act and that the custodian and Richardson, a "qualified witness", testified to its identity and mode of preparation. This is sufficient to qualify the exhibit as a business record "if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." Section 490.680, RSMo 1986. The record reveals the trial court did not receive this document as a business record because of the absence of Yates who was under subpoena, not because of failure to meet the statutory requirements for a business record. Under similar facts the court in *State v. Faust*, 709 S.W.2d 121, 122 (Mo.App.1986), held that, "[i]t is not required, however, that the preparer of the report establish its foundation at trial." In *State v. Merritt*, 591 S.W.2d 107 (Mo.App. 1979), a laboratory report containing opinions of an expert and prepared by that expert was held admissible without the presence of the expert. The holder of a Type III permit is an expert in the area administering the breathalyzer tests and the record may be received in evidence if it otherwise is qualified by the business record act.

The trial judge erred in not receiving the breathalyzer report into evidence under section 490.680, RSMo 1986, The Uniform Business Records As Evidence Law.

The cause is reversed and remanded with directions to reinstate the suspension of driving privileges imposed by the Director.

All concur.