**Paul Adrian LAZZARI, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 59921.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 8, 1991.

Thomas A. Connelly, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for respondent.

CRANDALL, Judge.

On January 25, 1990, Paul Adrian Lazzari, was found by a police officer slumped over the steering wheel of a motor vehicle in the City of St. Louis. The vehicle was off the street, lodged against a pole. The engine was running and the vehicle was in gear. After failing several field sobriety tests, Lazzari was arrested for driving a motor vehicle while under the influence of liquor, in violation of a municipal ordinance, and transported to the police station. A breath analyzer test was administered by a properly licensed operator. The result of that test showed that Lazzari's blood alcohol level was .34 percent by weight.

Pursuant to § 302.505, RSMo (1986), the Department of Revenue (Department) suspended Lazzari's driving privilege. Lazzari filed a timely notice for administrative review. Section 302.530.1, RSMo (1986). Following the hearing, Department's suspension order was affirmed. Lazzari then filed a timely petition for a trial de novo in the Circuit Court of the City of St. Louis challenging the suspension. The trial court heard evidence, ruled in favor of Department, and ordered that Lazzari's driving privilege be suspended. Lazzari then appealed to the Missouri Supreme Court and the appeal was transferred to this court. We affirm.

Lazzari raises five points on appeal. Four of those points raise constitutional deficiencies in § 302.535.1, RSMo (1986). Those challenges were considered and rejected in *Jarvis v. Director of Revenue*, 804 S.W.2d 22 (Mo. banc 1991). They are likewise denied here.

Lazzari's remaining point is that there is no substantial evidence in the record to support the suspension of Lazzari's license, because there was no direct testimony from the breath analyzer operator of Lazzari's blood alcohol content. To suspend a license under § 302.505.1, RSMo (1986) the court must find probable cause for the arrest and a blood alcohol content of .13 percent or more. *Strode v. Director of Revenue*, 724 S.W.2d 245, 248 (Mo. banc 1987). The existence of probable cause is not challenged. We, therefore, look only to the question of the blood alcohol level.

To admit the results of a breath analyzer for purposes of showing blood alcohol level, a foundation must be laid showing (1) the breath analyzer operator holds a valid license to operate the analyzer; (2) the breath analyzer operator followed the authorized check list; and (3) the breath analyzer used was approved by the Department of Health. *Stuhr v. Director of Revenue*, 766 S.W.2d 446, 449 (Mo. banc 1989); *See also Collins v. Director of Revenue*, 691 S.W.2d 246, 253 (Mo. banc 1985).

Here, the operator of the breath analyzer testified that she had both a type II and a type III certificate. Copies of both certificates were received into evidence. The operator testified that she followed the check list approved by the Department of Health and the trial court took judicial notice of the authenticity of the check list used. Finally, the operator testified that she used an Intoxilyzer 5000 to test Lazzari's blood alcohol level. The trial court took judicial notice of regulation 19 CSR 20–30.050 showing the Intoxilyzer 5000 to be a breath analyzer approved by the Department of Health. Clearly, a proper foundation was laid for the admission of the test results.

At trial, Lazzari contended that the original printout from the breath analyzer was the "best evidence" of the test result. Department did not have the original printout and offered into evidence a certified copy of its file which contained a copy of the printout. The trial court received the file into evidence over Lazzari's objection and

after submission of memorandums of law from the parties.

 We first note that Lazzari espouses a different theory on appeal than he did at trial. He now contends that the test result can only be proved through the oral testimony of the operator. Review on appeal is limited to the same theories heard by the trial judge. *Folk v. Countryside Cas. Co.*, 686 S.W.2d 882, 884 (Mo.App.1985).

 Section 302.312, RSMo (1986) provides that properly certified copies of documents deposited or filed in the office of Department are admissible into evidence in the same manner as the originals. *See Ragland v. McNeill*, 747 S.W.2d 701 (Mo. App.1988). Here, Department laid a proper evidentiary foundation for the introduction of the test results. Once the foundation was laid, the test results could be proved by one of several means including the introduction of the original printout or the certified records of Department. Lazzari's point is denied.

The judgment of the trial court is affirmed.

GRIMM, P.J., and SATZ, J., concur.