Brian David McCLIMANS, Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent/Appellant.

No. 59634.

Missouri Court of Appeals, Eastern District, Division One.

March 31, 1992.

Van M. Pounds, Jatha B. Sadowski, Government Counsel, Dept. of Revenue, Jefferson City, for respondent, appellant.

Stephen Charles Moore, Clayton, for petitioner, respondent.

REINHARD, Presiding Judge.

The director of revenue appeals from the court's grant of summary judgment in favor of petitioner, which vacated an order of license suspension. We reverse.

The facts are not in dispute. Petitioner's driver's license was suspended by the director for driving with a blood alcohol content (BAC) equal to or greater than .13 per cent pursuant to § 302.505, RSMo 1986. This decision was sustained by an administrative law judge after an administrative hearing was scheduled and the case was submitted on the record. Petitioner filed a petition for trial de novo. He later filed a motion for summary judgment.

Petitioner's motion for summary judgment contended that petitioner was entitled to judgment as a matter of law because more than 35 days elapsed between maintenance checks of the BAC verifier and the test results were therefore inadmissible. See 19 C.S.R. 20–30.031(3). The court had before it the pleadings, petitioner's motion and accompanying affidavits which stated that the BAC verifier used to test petitioner underwent maintenance checks on March 7, 1990; April 20, 1990; and May 29, 1990. It was agreed that petitioner's BAC was tested on April 20, 1990, following the maintenance check. Petitioner contended, however, that the fact that more than 35 days elapsed prior to the subsequent check rendered the test inadmissible. The court granted the motion. This appeal followed.

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, and accord that party the benefit of every doubt. Summary judgment may only be rendered where it is made manifest by pleadings, depositions, affidavits, answers to interrogatories and admissions that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (1978).

On appeal, the director contends that the trial court erred in granting summary judgment because the breath test results were not inadmissible for the reason cited. We agree. The Missouri Supreme Court recently held in *Sellenriek, et al. v. Director of Revenue*, 826 S.W.2d 338 (Mo. banc 1992) that:

> If the proponent of the test offers proof that a maintenance check has been performed on the machine within 35 days prior to the test in question, then the proponent has demonstrated compliance with the maintenance check aspect of the regulation since evidence has been produced that the test was performed according to approved techniques and methods and on a reliable machine.

*Id.,* at 340. Here, the maintenance check was performed on the same day and prior to petitioner's test. The court therefore erred in holding that the regulation was not complied with and that the results were inadmissible for that reason.

Judgment reversed and case remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER and CRANE, JJ., concur.