**Roland SPIES, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 62519.

Missouri Court of Appeals, Eastern District, Division One.

June 1, 1993.

Mitchell D. Johnson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the trial court's decision sustaining the order of the Director of Revenue suspending his driver's license. We affirm.

On March 12, 1992, Defendant filed a "Petition for Trial De Novo" with the Circuit Court of St. Louis County. In that petition, Defendant asserted the following:

> On or about January 7, 1992, in the County of St. Louis, Missouri, relator [Defendant] was arrested for allegedly operating a motor vehicle while intoxicated, and allegedly in violation of Section [302.505], R.S.Mo. (1984), (.13% or more alcohol in blood).

He further asserted a hearing was held by the Director of Revenue and his driving privileges were revoked for one year. Defendant requested a trial *de novo* and that the Director's order to suspend his license be overruled. On June 15, 1992, the trial court held a hearing on the petition. The trial court then found Defendant was stopped while operating a motor vehicle on January 7, 1992, the arresting officer had probable cause to arrest Defendant for driving while intoxicated, and Defendant had a blood alcohol concentration by weight of .13 or more. The court denied Defendant's petition for trial de novo and sustained the Director of Revenue's suspension of his driver's license.

On appeal Defendant argues:

THE TRIAL COURT ERRED IN ADMITTING DIRECTOR'S EXHIBITS B AND C BECAUSE DIRECTOR FAILED TO ESTABLISH A PRIMA FACIE FOUNDATION FOR THE ADMISSION OF BREATHALYZER TEST RESULTS IN THAT DIRECTOR FAILED TO ESTABLISH THAT THE TEST WAS PERFORMED ACCORDING TO THE TECHNIQUES AND METHODS APPROVED BY THE DEPARTMENT OF HEALTH.

Exhibit B is a copy of the operational checklist and certification for Defendant's breathalyzer which were filled out by the breathalyzer operator. Exhibit C is the printout of the breathalyzer results for Defendant. At the trial, the officer who operated the breathalyzer for Defendant's test did not testify. Only the arresting officer and the custodian of records testified. The State sought to admit Exhibits B and C as business records under §§ 490.660–490.680, RSMo 1986. The trial judge admitted the exhibits.

Section 490.680 provides a business record may be admitted for the truth of the matter asserted if (1) the custodian or other qualified witness testifies to its identity and the mode of its preparation; and (2) the record was made in the regular course of business, at or near the time of the act, condition or event. Furthermore, the admissibility of business records is a discretionary determination of the trustworthiness of the records. *Collett v. American Nat. Stores, Inc.* 708 S.W.2d 273, 277[5] (Mo.App.1986); *Koenig v. Babka,* 682 S.W.2d 96, 100[6] (Mo.App.1984).

In this case, Keith Morgan, custodian for the breathalyzer records for the St. Louis County Department of Justice, identified Exhibit B as a checklist for a test administered to Defendant on January 7,

1992. He also identified Exhibit C as the breathalyzer test result from Defendant's record. Morgan further testified extensively about the mode of preparation of the checklist and breathalyzer results. He also stated the checklist was prepared in the regular course of business at the time the breathalyzer was given.

Defendant argues the State was required to produce a witness who actually witnessed the procedures and who is qualified to administer the test (either a Type II or Type III permit pursuant to 19 CSR 20–30.041 & 19 CSR 20–30.031). He relies on *Peace v. Director of Revenue*, 765 S.W.2d 382, 383[1] (Mo.App.1989). In *Peace*, the trial court excluded a breathalyzer report when the officer who operated the breathalyzer failed to appear. The Western District reversed, holding the reports admissible as business records under § 490.680. *Id.* The court held that the person who prepared the report was not required to establish the foundation. *Id.* However, in *Peace*, both the custodian of records and the arresting officer, who held a Type II permit, testified to the records identity and mode of preparation. Even so, it is clear that testimony from both the custodian of records and a qualified witness is not required. Section 490.680 clearly states the foundation may be established by a "custodian *or* other qualified witness." (emphasis added). The court in *Peace* merely showed that the foundation had been "laboriously" established by testimony from both the custodian and a qualified witness. Further, personal knowledge of the mode of preparation by the custodian or qualified witness testifying is not required. *Collett*, 708 S.W.2d at 277[5]. Therefore, the State clearly established a proper foundation under § 490.680 for admission of Exhibits B & C.

■ Even so, a separate foundation is also required for the admission of Exhibit C, the breathalyzer test results, in order for them to be deemed relevant. To establish this foundation, the State must show the test was performed (1) by following the approved techniques and methods of the Division of Health, (2) by an operator holding a valid permit, and (3) on equipment and devices approved by the division.

*Stuhr v. Director of Revenue*, 766 S.W.2d 446, 449[2] (Mo. banc 1989); *Lazzari v. Director of Revenue*, 816 S.W.2d 21, 22[2] (Mo.App.1991); *Shine v. Director of Revenue*, 807 S.W.2d 160, 162[2] (Mo.App.1991).

■ Defendant argues the State failed to establish the test was performed by following the approved techniques and methods of the Division of Health. He asserts the testimony of the officer who performed the breathalyzer is required. He cites language from *Collins v. Director of Revenue*, 691 S.W.2d 246, 253[17] (Mo. banc 1985):

> Introduction of the checklist, or the judicial notice of the list, and testimony that the procedures there defined were followed is sufficient foundation to permit admission of the test results.

However, while *Collins* states judicial notice of the State rules in which the checklist appears and testimony is sufficient, it does not preclude establishing the foundation by other means. Testimony is not the only competent evidence.

The court took judicial notice of the Code of State Regulations, specifically 19 CSR 20–30.010 through 20–30.070. These regulations include the operating procedures to be used for breathalyzers and set out forms to be used for each type. 19 CSR 20–30.060. Once the checklist, Exhibit B, was properly admitted under § 490.680, it was competent evidence. The checklist is identical to the one published at 19 CSR 20–30.060 by the Division of Health. This evidence plus the testimony that arresting Officer Gravelme observed the operator fill out the checklist established the test was performed by following the approved techniques and methods of the Division of Health. Therefore, the breathalyzer results were properly admitted. Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.