**Vincent J. ROY, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of MISSOURI, Appellant.**

No. 66608.

Missouri Court of Appeals,
Eastern District,
Division One.

June 13, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Bernard Edelman, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue for the State of Missouri ("Director"), appeals from an order of the Circuit Court of St. Louis County setting aside the suspension of respondent's, Vincent J. Roy's ("driver's"), license and reinstating driver's driving privileges. We reverse and remand.

The facts of the case, as set out in the record and Director's brief,[1] are as follows. On March 5, 1994, driver was arrested for driving while intoxicated. A "breathalyzer" test showed driver's blood alcohol concentration to be .17, in violation of RSMo § 302.505.[2] Director accordingly suspended driver's license for thirty days. The suspension was upheld after an administrative hearing. Driver filed a timely petition for trial *de novo* in the circuit court pursuant to RSMo § 302.535.

On June 7, 1994, Director served upon driver's counsel the sworn and notarized affidavit of Herman A. Hartwig, the custodian of records for St. Louis County Intake Center, and four attached documents. The attached documents consisted of: the operational checklist for the breathalyzer test conducted on driver on March 5, 1994, and certification by the test operator, Officer Niemira, that he did not deviate from approved procedures and was authorized to operate the breathalyzer; the printout from the breathalyzer test, signed by Officer Niemira; a March 1, 1994, maintenance report for the breathalyzer, signed by Mr. Hartwig; and Hartwig's Type II permit.

The trial *de novo* was held on June 23, 1994. The parties stipulated there was probable cause. The only testimony came from Officer Denoirer, the arresting officer. He testified to observing the test operator conduct the breathalyzer test on driver and fill out the operational checklist. At the close of the testimony, the circuit court took judicial notice of 19 C.S.R. 20–30.010 through 20–30.070, the regulations pertaining to breathalyzer tests promulgated by the Missouri Division of Health.

Director then designated Mr. Hartwig's affidavit and the four documents attached thereto as "Exhibit A," and offered it into evidence as a business record.[3] Driver objected to admission of Exhibit A, alleging Director failed to lay a foundation for or authenticate the constituent documents, particularly the breathalyzer test result. After hearing both sides' arguments, the court ruled as follows:

> I'm going to allow [Exhibit A] into evidence. I'm going to note the substantive objections to the breathalyzer test. And I'm going to—I'm going to sustain that objection that there's improper foundation in that there is nobody here to personally explain this, no one to personally explain to my satisfaction that it was done properly. . . .

The court set aside the suspension and ordered Director to reinstate driver's driving privileges. Director's appeal ensued.

■ For her sole point on appeal, Director contends the circuit court erred in sustaining driver's objection to the breathalyzer test result. According to Director, the court erroneously required personal testimony that the test was done properly, even though the operational checklist had already been admitted into evidence as a business record. We agree.

■ To establish a foundation for admission of breathalyzer test results, Director must show the test was performed (1) by following the approved methods and techniques of the Division of Health, (2) by an operator holding a valid permit, (3) on equipment approved by the Division of Health. *Spies v. Director of Revenue,* 854 S.W.2d 66, 68 (Mo.App.E.D.1993). Testimony of the officer who conducted the test on the driver is *not* required to establish the first element. *Id.* The admission as a business record of an operational checklist identical to the model published at 19 C.S.R. 20–30.060, plus the testimony of the arresting officer that he observed the test operator fill out the checklist, suffices to establish the test was performed pursuant to the approved methods and techniques of the Division of Health. *Id.*

---

1. Driver did not file a brief.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

3. RSMo § 490.680 provides that records kept in the regular course of business are competent evidence if the custodian or other qualified witness testifies to their identity and mode of preparation. RSMo § 490.692.1 allows the custodian of records to submit an affidavit in lieu of the testimony required in RSMo § 490.680.

Here, the circuit court was apparently requiring the person who conducted the test on driver—Officer Niemira—to personally testify he followed proper operating techniques and procedures. However, Officer Niemira's testimony was unnecessary in this case. The court properly allowed the checklist to be admitted into evidence as a business record. Although the custodian of records did not testify at the trial *de novo* (unlike *Spies,* 854 S.W.2d at 67–8), the affidavit of Mr. Hartwig was identical to the model affidavit set out in RSMo § 490.692.3 and sufficed to establish a foundation for admission of the attached documents—including the checklist—as business records. *See Schrimpf v. Director of Revenue, State,* 889 S.W.2d 171, 172–3 (Mo.App. W.D.1994). The operational checklist completed and certified by Officer Niemira was identical to the model form published in the pertinent Division of Health regulations and judicially noticed by the court. Also, Officer Denoirer testified he observed Officer Niemira conduct the test on driver and fill out the operational checklist.

In light of our decision in *Spies,* we find the facts here sufficiently established that the breathalyzer test administered to driver had been performed properly. There was proper foundation for the breathalyzer test result. Director's point is granted.

The circuit court's order setting aside the suspension of driver's license and reinstating his driving privileges is accordingly reversed and the cause remanded with instructions that an order affirming the suspension be entered.

REINHARD, P.J., and CRAHAN, J., concur.