**Karen L. HILL, Respondent,**

v.

**DIRECTOR OF REVENUE STATE
OF MISSOURI, Appellant.**

No. WD 55128.

Missouri Court of Appeals,
Western District.

Dec. 1, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 1999.

Application for Transfer Denied
March 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Craig F. Martin, Asst. Atty. Gen., Jefferson City, for appellant.

Louis A. Silks, Jr., Kansas City, for respondent.

Before SPINDEN, P.J., and ULRICH and EDWIN H. SMITH, JJ.

ULRICH, Judge.

The Director of Revenue appeals from a judgment of the trial court setting aside the Director's order suspending the defendant's driving privileges. Judgment was entered for defendant following the close of the Director's case for failure of the Director to make a prima facie case. The Director contends the trial court erred in setting aside the suspension in that the State met its burden of proof by showing by a preponderance of the evidence that probable cause existed to arrest the defendant, and, when driving, the defendant's blood-alcohol content was greater than .10% in violation of § 302.505 RSMo 1994. The judgment of the trial court is reversed, and the case is remanded for a new trial.

## I. Facts

On March 31, 1995, the defendant, Karen Hill, was "pulled over" by Sheriff's Deputy Alan Bauer for driving a vehicle during the evening without the vehicle's headlights on. While speaking to Ms. Hill, Deputy Bauer smelled alcohol on her breath, so he instructed Ms. Hill to perform several field sobriety tests, which she failed. Ms. Hill was then arrested and taken to the Morgan County Sheriff's office where she was given a breath analyzer test that displayed .13% blood-alcohol content by weight. Based on the test results, the Director of Revenue suspended Ms. Hill's driving privileges. Ms. Hill then filed a petition for trial de novo with the Circuit Court of Morgan County, Missouri. § 302.535(1) RSMo 1994.

At trial, Missouri State Highway Patrol Trooper Paul Reinsch testified that on March 5, 1995, he performed maintenance checks on the breath analyzer machines in the Morgan County Jail following statutorily mandated checklists. Trooper Reinsch stated that he used a standard pre-mixed solution to test the machines and that the maintenance check revealed the machines were operating within the Department of Health standards. Current Division of Health rules require a certificate of analysis for the simulator solution to be attached to the maintenance report, and no such certificate was attached in this case. However, Trooper Reinsch testified that according to the maintenance report, he used the standard solution.

Deputy Bauer then testified regarding Ms. Hill's arrest and breath analyzer tests. Deputy Bauer stated that he observed the mandated 15 minute waiting period preceding administration of the breath test. During that time Ms. Hill did not smoke, vomit or put anything into her mouth. Ms. Hill's first breath analyzer test indicated "mouth alcohol detected." A second test was then administered approximately five or six minutes later. Deputy Bauer stated that Ms. Hill did not leave his presence during the five to six minute period. The second test resulted in a reading of .13% by weight. Deputy Bauer completed the Form # 7 operational checklist required by the Division of Health while administering the second test. He apparently did not complete the operational check list during the first test. He testified, however, that he was familiar with the checklist and that he followed the required checklist steps in administering both tests.

■ Counsel for the Director of Revenue rested without offering any exhibits or documents into evidence including the breath analyzer test results, the maintenance reports, and the Form # 7 checklist. Defendant then moved for directed verdict, which the court granted on the grounds that "Respondent failed to submit exhibits and the procedures testified to during trial concerning breathaly-

zer test [and] did not comply with the Department of Revenue procedures and regulations." The trial judge entered his ruling and judgment on September 12, 1997, and the judgment was filed on October 9, 1997. The Director timely appealed the trial court's judgment on November 18, 1997.[1]

## II. Standard of Review

Under Rule 73.01, the appellate court will sustain the judgment of the trial court unless (1) there is no substantial evidence to support it, (2) it is against the weight of the evidence, (3) it erroneously declares the law, or (4) it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976). The appellate court considers the evidence in the light most favorable to the judgement. *Wofford v. Director of Revenue,* 868 S.W.2d 142, 143 (Mo.App.1993).

■ A person aggrieved by a decision of the Department of Revenue may file a petition for trial de novo, and the burden of proof in such trial is on the State. § 302.535(1) RSMo 1994. For the Director of Revenue to suspend or revoke driving privileges for an alcohol-related offense, the Director has the burden of proving, by a preponderance of the evidence, that: (1) probable cause existed to arrest the driver for driving in violation of an alcohol-related offense and (2) the driver was driving with a blood-alcohol content (BAC) equaling or exceeding .10% by weight. *Collins v. Director of Revenue,* 691 S.W.2d 246, 252 (Mo. banc 1985); *Helton v. Director of Revenue,* 944 S.W.2d 306, 308 (Mo.App.1997). To introduce evidence of the defendant's BAC, the Director must lay a separate foundation showing the police conformed to the requirements in the Code of State Regulations. *Stuhr v. Director of Revenue,* 766 S.W.2d 446, 449 (Mo. banc 1989); *Spies v. Director of Revenue,* 854 S.W.2d 66, 68 (Mo. App.1993). In laying the foundation the Director must show the breath analyzer test was performed (1) by following the approved techniques and methods of the Division of

Health, (2) by an operator holding a valid permit, and (3) using equipment and devices approved by the Division. *Spies,* 854 S.W.2d at 68. The provisions that must be followed to satisfy the foundational requirements are set forth in 19 C.S.R. 25–30.

## III. Appellant's Points On Appeal

On appeal, the Director contends the trial court erred in setting aside the suspension of Ms. Hill's driving privileges because the state met its burden of proof in that it showed (1) probable cause to arrest Ms. Hill, and (2) Ms. Hill's BAC was greater than .10% when she was driving a motor vehicle. Ms. Hill contends the Director failed to meet his burden of proof because a proper foundation was not laid for the introduction of evidence of her BAC. She cites three specific failures on the part of the Director in laying the foundation: first, the omission from the maintenance report on the breath analyzer machine of the manufacturers's certification of the calibrating solution as required under 19 C.S.R. 25–30.051(3); second, the failure of the testing officer to use the required checklist on the initial breath test; and third, the failure of the testing officer to observe the 15 minute waiting period before administering the second breath test.

### A. Failure to Include Standard Solution Certificate

■ Ms. Hill contends that the Director failed to lay a proper foundation for introduction of the BAC evidence because under 19 C.S.R. 25–30.051(3) maintenance reports completed on breath analyzer machines must be accompanied by the certificate of analysis that was supplied with the maintenance testing solution used to test the machine, and no such certificate was attached in this case. 19 C.S.R. 25–30.051(3) 1998. Currently, 19 C.S.R. 25–30.051(4) provides that maintenance reports completed prior to March 26, 1996, will be considered valid if done in com-

---

1. Ms. Hill contends that the Director's appeal was not timely filed because the order signed by the trial court on September 12, 1997, constituted a "judgment." Under Rule 74.01(a) a judgment is a writing that is signed by the judge, denominated "judgment" or "decree," and *filed.*

Mo. R. Civ. P. 74.01(a). According to the plain language of the rule, the court's order became a judgment on October 9, 1997, when the order was filed and stamped, not on September 12, 1997. Therefore, the Director's notice of appeal filed on November 18, 1997, was timely.

pliance with the rules that were in effect at the time the maintenance report was conducted. 19 C.S.R. 25–30.051(4) 1998.

The evidence shows that Trooper Reinsch performed required maintenance checks at intervals of not more than 35 days on the machines in the Morgan County Jail. Trooper Reinsch testified that on March 5, 1995, he conducted the required maintenance check on all of the breath analyzer machines using a standard pre-mixed solution, and the maintenance check revealed the machines were operating within the Department of Health standards. On March 5, 1995, the last date the machine was tested before Ms. Hill was subjected to its analysis on March 31, 1995, the Code of State Regulation rules that were in effect did not require the maintenance officer to attach the certificate of analysis to the maintenance report. 19 C.S.R. 20–30.050 1994; 19 C.S.R. 20–30.021 1993. Because the Trooper's testimony established compliance with the rules in effect in March of 1995, the maintenance report is considered valid under the current rule. Therefore, the test was conducted using equipment and devices approved by the Division.

### B. Failure Of Testing Officer To Complete Form # 7 Checklist

■ Section 19 C.S.R. 25–30.060 states that the operator of a breath analyzer machine must complete an operational checklist for each test at the time the test is given. 19 C.S.R. 25–30.060 1997. Deputy Bauer administered two breath analyzer tests to Ms. Hill, but only completed one Form # 7 operational checklist. Ms. Hill contends that because a checklist was not completed for each of the two tests administered to her, Deputy Bauer failed to follow "approved techniques and methods," and, therefore, the Director cannot establish a proper foundation for introduction of the BAC evidence.

The record supports the reasonable inference that the single checklist completed by Deputy Bauer was completed as the second breath test was administered, not the first. Although Deputy Bauer was never directly asked which test the checklist was completed for, on cross-examination defense counsel asked whether an "operational checklist for

the first test" existed, and Deputy Bauer responded that he "did not submit it [because he] had to reset [the machine]." Although the Director failed to present evidence showing that a Form # 7 operational checklist was completed for the first breath test, the second breath test is the only test relevant to the issues in this case because it was the test used to show Ms. Hill's BAC. Because the Director does not rely on the first test to prove his prima facie case, the failure of Deputy Bauer to complete the checklist for the first test is immaterial. The Director followed approved techniques and methods in administering the second test.

### C. Failure Of Testing Officer To Observe Fifteen Minute Waiting Period

■ Under 19 C.S.R. 25–30.060, an officer giving a breath analyzer test must follow the Form # 7 checklist, which requires the officer to observe the person to be administered the test for 15 minutes before conducting the test to ensure the person does not smoke, vomit, or place anything into her mouth. 19 C.S.R. 25–30.060 1997. A second purpose of the observation period is to give any alcohol or substance that might be in the person's mouth time to dissipate thereby ensuring an accurate lung sample as opposed to an inaccurate mouth sample.

Deputy Bauer testified that he observed Ms. Hill at least fifteen minutes before he administered the initial breath test during which time she did not smoke, vomit, or place anything into her mouth. Because the first test registered "mouth-alcohol present," Deputy Bauer administered a second test approximately five minutes later. Deputy Bauer testified that Ms. Hill was in his presence throughout the entire testing process and that she did not smoke, vomit, or place anything into her mouth during the period between the tests.

At the time the second test was administered, Ms. Hill had been under observation for approximately 20 minutes. This period was sufficient to satisfy the purpose of the required 15 minute observation period, giving more than adequate time for substances in the mouth to dissipate allowing an accurate reading. Therefore, where the officer ad-

ministering the breath analysis test observes the person whose breath is being tested for 15 minutes or more and said person does not smoke, vomit, or place anything into her mouth during such observation period, the requirement is satisfied, and an additional observation period of 15 minutes between subsequent tests is not required. The Director followed approved techniques and methods in administering the second test, the reading of which was offered to demonstrate Ms. Hill's blood alcohol content.

Because the record shows that the breath analyzer test was performed following the approved techniques and methods of the Division of Health by an operator holding a valid permit and using equipment and devices approved by the Division, a proper foundation was laid for the introduction of evidence regarding Ms. Hill's BAC, and the evidence was properly admitted at trial.

### IV. Establishing A Prima Facie Case

█ Because the Director could properly introduce evidence of Ms. Hill's BAC, the only issue remaining is whether the Director established a prima facie case to suspend Ms. Hill's driving privileges. To suspend or revoke driving privileges for an alcohol-related offense, the Director must prove by a preponderance of the evidence that probable cause existed to arrest the driver for driving in violation of an alcohol-related offense and that the driver's BAC equaled or exceeded .10% by weight. *Collins,* 691 S.W.2d at 252; *Helton,* 944 S.W.2d at 308. Ms. Hill contends that the Director failed to carry his burden of proof because counsel for the Director rested without offering any exhibits or documents into evidence including the breath analyzer test results, the maintenance reports, and the Form # 7 checklist. The testimony of the Director's witness referred to completion of the forms required by the Code of State Regulations designed to ensure uniform procedure in the process and accurate test results. Although introducing the actual documents into evidence is preferable because compliance with request procedures is thereby made routine, the testimony of the arresting officer, the maintenance officer,

and the testing officer was sufficient here to establish the Director's prima facie case.

At trial, Deputy Bauer testified regarding Ms. Hill's arrest and breath analyzer tests. Deputy Bauer stated that Ms. Hill was "pulled over" for driving a vehicle during the evening without the headlights on. While speaking to Ms. Hill, he smelled alcohol on her breath and noticed that she appeared to be intoxicated. Deputy Bauer, therefore, instructed Ms. Hill to perform several filed sobriety tests, which she failed. This testimony was sufficient to establish probable cause to arrest Ms. Hill. Deputy Bauer also testified that the result of the second breath analyzer test that he administered to Ms. Hill disclosed a BAC of .13% by weight. Therefore, the Director presented sufficient evidence to show that Ms. Hill's BAC was greater than .10%.

Because the Director met his burden of establishing a prima facie case to suspend Ms. Hill's driving privileges and because a proper foundation was laid for the introduction of the BAC evidence necessary to establish a prima facie case, the judgment of the trial court is reversed and the case is remanded for a new trial.

All concur.