

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| SHANNON BLACKWELL, | ) | |
| | ) | |
| Respondent, | ) | WD78669 |
| | ) | |
| v. | ) | OPINION FILED: May 3, 2016 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
The Honorable Karen L. Krauser, Judge

Before Division Three: Gary D. Witt, Presiding Judge, James E. Welsh, Judge and
Anthony Rex Gabbert, Judge

The Director of Revenue (the "Director") appeals a trial court judgment setting aside the revocation of Shannon Blackwell's ("Blackwell") driving privileges. The Director argues that the trial court erred in excluding the results of Blackwell's blood alcohol test. The trial court excluded the test because it found that the Director failed to show that the simulator for the breath testing device had been calibrated against a National Institute of Standards and Technology ("NIST") approved thermometer in connection with its maintenance, as required by the Department of Health and Senior

Services ("DHSS").  Specifically, records were not produced at trial to show maintenance during the 2014 calendar year.  We reverse and remand.

## Facts and Procedural History[1]

On June 22, 2014, Blackwell was stopped and subsequently arrested for driving under the influence of alcohol.  Missouri State Highway Patrol Trooper Ryan Richardson administered a breathalyzer blood alcohol content ("BAC") test which showed Blackwell's BAC to be .172%.  Blackwell was given written notice of suspension or revocation of her driving privileges because of her arrest on probable cause of driving a motor vehicle with BAC above the legal limit. Blackwell timely challenged the administrative sanction through the appeal process set forth in Section 302.530.[2]  A hearing examiner found that Blackwell's driving privileges should be revoked.  Blackwell timely requested a trial *de novo* as provided by section 302.535.

A bench trial was held on April 6, 2015.  At trial, Trooper Richardson testified that he administered Blackwell's BAC using a breath analyzer ("Datamaster") on June 22, 2014.  He had performed maintenance on the Datamaster on June 1, 2014, using a wet bath simulator ("Simulator").  The Simulator was returned to Jefferson City in August of 2014.  From that time forward, a dry gas simulator was used to perform maintenance checks on the breathalyzer machines in Clay County ("County").

The Director offered into evidence State's "Exhibit 1," which contained a maintenance report showing that the Datamaster had undergone a maintenance check on

---

[1] We view the evidence in the light most favorable to the trial court's judgment.  *Ridge v. Dir. of Revenue*, 428 S.W.3d 735, 736 (Mo. App. W.D. 2014).  The underlying facts of this case, however, are undisputed.
[2] All statutory citations are to RSMo 2000 as currently updated, unless otherwise noted.

2

June 1, 2014. The exhibit also contained a Calibration Certification Form from the Missouri Highway Patrol showing that the Simulator had been certified against a National Institute of Standards and Technology ("NIST") traceable reference thermometer on October 3, 2013.

Blackwell challenged the admission of the BAC report because there was insufficient foundation. Blackwell argued that, because the trial was being held in 2015, the Director was required to show that the simulator used to test the Datamaster had been certified against a NIST thermometer in 2014. In other words, Missouri regulations require up-to-date certification records for a simulator at the time of trial, regardless of when the simulator was used to calibrate a breath analyzer or when the applicable test was taken. The trial court received evidence, over Blackwell's objection, that the BAC test showed Blackwell's BAC to be 0.172%.

Following the hearing, Blackwell submitted a written brief challenging the admission of the BAC results because a proper foundation was not established under 19 CSR 25-30.51(4). The trial court agreed, issuing Findings of Fact and Conclusions of Law and Judgment that there was insufficient foundation for admission of the BAC test results. Because of this finding, the court set aside the revocation of Blackwell's driving privileges. This appeal followed.

### Standard of Review

"[Appellate courts] review the trial court's judgment in a ... license suspension or revocation case like any other court-tried civil case." *Johnson v. Dir. of Revenue, State*, 411 S.W.3d 878, 881 (Mo.App.2013). "In appeals from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against

3

the weight of the evidence, or it erroneously declares or applies the law." *White v. Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010).

*Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 614 (Mo. banc 2016). "Statutory interpretation is an issue of law that this Court reviews *de novo*." *Id.* We interpret regulations just as we would statutes. *Id.*

## Discussion

The Director's sole point on appeal alleges that the trial court erred in excluding evidence of Blackwell's BAC because the Director failed to lay proper foundation for its admission.

To suspend or revoke a driver's driving privileges, the Director must "present evidence that, at the time of the arrest: (1) the driver was arrested on probable cause for violating an alcohol-related offense; and (2) the driver's BAC exceeded the legal limit of .08 percent." *O'Rourke v. Dir. of Revenue*, 409 S.W.3d 443, 447 (Mo. App. E.D. 2013). It is the Director's burden to prove by a preponderance of the evidence that probable cause existed to arrest a driver for driving while intoxicated and that an evidentiary breath test determined the driver's BAC was beyond the legal limit. *Raisher v. Dir. of Revenue*, 276 S.W.3d 362, 364 (Mo. App. W.D. 2009). To introduce evidence of the driver's BAC, the Director must lay a separate foundation showing that law enforcement conformed to the requirements of the Code of State Regulations ("CSR"). *Hill v. Dir. of Revenue*, 985 S.W.2d 824, 827 (Mo. App. W.D. 1998). In laying the foundation, the Director must show the breath analyzer test was performed: (1) by following the approved techniques and methods of DHSS, (2) by an operator holding a valid permit, and (3) using

4

equipment and devices approved by DHSS. *Id.* The provisions that must be followed to satisfy the foundational requirements are set forth in 19 CSR 25-30. *Id.*

At issue in this case are the requirements of 19 CSR 25-30.051(4):

> Any breath alcohol simulator used in the verification or calibration of evidential breath analyzers with the standard simulator solutions referred to in sections (2) and (3) of this rule shall be certified against a National Institute of Standards and Technology (NIST) traceable reference thermometer or thermocouple between January 1, 2013, and December 31, 2013, and annually thereafter.

At trial, the Director's evidence showed that the Datamaster, used to test Blackwell's BAC, was maintained on June 1, 2014, in accordance with applicable regulations. The Simulator, used to maintain the Datamaster, was certified against a NIST thermometer on October 3, 2013. The applicable June 1st maintenance was performed within one year of the Simulator's certification. The Director presented no evidence showing that the Simulator was recertified in 2014, and Blackwell objected to the BAC test's admission on this basis. In response, the Director argued that such evidence was unnecessary because the Simulator was properly certified as of the date of the administration of Blackwell's BAC test.

Although initially overruling Blackwell's objection at trial, the trial court ultimately found that the BAC report was inadmissible because:

> There was an insufficient foundation for admission of the test results, due to: no evidence of 2014 certification against NIST traceable reference thermometer or thermocouple. No evidence that unit was no longer in service but only that it was returned to Jefferson City, Missouri.

The Director appeals this decision alleging that the trial court misinterpreted the requirements of 19 CSR 25-30.051(4). The Director contends that, for foundation to be

5

laid for BAC test results, the Director must only show that the machine used was in compliance with the regulations at the time of the applicable BAC test. For support, the Director looks to *Sellenriek v. Director of Revenue*, 826 S.W.2d 338 (Mo. banc 1992). In *Sellenriek*, the Missouri Supreme Court considered challenges in several cases to the admissibility of BAC results because the Director failed to properly show maintenance of the breath analyzer machines every thirty-five days. *Id.* at 340. The Court found that the applicable 1988 amendment to the regulations required maintenance checks of machines every thirty-five days. *Id.* But, if a maintenance check was not performed during any thirty-five day period the machine was not rendered permanently unusable. *Id.* Instead, the definition of "maintenance check" demonstrated that the intent of the regulation was to ensure "the proper functioning and operation of the machine when a blood alcohol analysis is conducted." *Id.*

> If the proponent of the test offers proof that a maintenance check has been performed on the machine within 35 days *prior to the test in question*, then the proponent has demonstrated compliance with the maintenance check aspect of the regulation since evidence has been produced that the test was performed according to approved techniques and methods on a reliable machine.

*Id.* (emphasis added); *see also, McClimans v. Dir. of Revenue*, 826 S.W.2d 422, 423 (Mo. App. E.D. 1992) (same).

*Kern v. Director of Revenue* addressed a similar situation in which the Director presented evidence of regulatory compliance with maintenance prior to the applicable BAC test but presented no evidence of subsequent maintenance. 936 S.W.2d 860, 862 (Mo. App. E.D. 1997). The Eastern District applied *Sellenriek* and held that

6

"[m]aintenance checks that occur subsequent to the blood alcohol test go to the weight of the evidence, not submissibility." *Id.* In *Kern*, the breath analyzer used was removed from service after Kern's BAC test and there was no evidence that any subsequent maintenance had been performed. *Id.* Although the machine was removed from service, there was no evidence presented that the machine had performed unreliably or that there was a malfunction. *Id.*; *see also*, *State v. Reichert*, 854 S.W.2d 584, 593 (Mo. App. S.D. 1993) (subsequent maintenance checks may be relevant to suggest a machine malfunction but are not a foundational requirement).

"The director's burden of proof has two components--the burden of production and the burden of persuasion." *White v. Dir. of Revenue*, 321 S.W.3d 298, 304 (Mo. banc 2010). The burden of production requires the director to introduce enough evidence to have the issue decided by the fact-finder--in this case, compliance with the regulations. *Id.* at 304-05. The burden of persuasion is a party's duty to convince the fact-finder to view the facts favorably to that party. *Id.* at 305. As long the Director shows conformity with the regulations, there is proper foundation to admit the BAC test results. *Messner v. Dir. of Revenue*, 469 S.W.3d 476, 482 (Mo. App. W.D. 2015). But, a showing that the BAC results are admissible is not proof that they are reliable. *Id.* Failure to certify the Simulator in 2014 may be introduced to argue that BAC test results were not reliable.

Missouri mandates a strict adherence to DHSS regulations. "[W]here the Department of Health has enacted regulations concerning the proper methods of conducting blood alcohol tests . . . the state must demonstrate absolute and literal compliance with these regulations prerequisite to introducing the test results into

7

evidence." *State v. Mattix*, No. ED102236, 2016 WL 880786, \*3 (Mo. App. E.D. March 8, 2016); *State v. Ross*, 344 S.W.3d 790, 792 (Mo. App. W.D. 2011). Blackwell contends that literal compliance requires that this Court find that proof of certification must be offered for every year a simulator is in service regardless of when it was used to maintain the applicable breath analyzer or when a BAC test was administered.

For support, Blackwell primarily relies on *Carter v. Director of Revenue*, 454 S.W.3d 444, 448 (Mo. App. W.D. 2015). In *Carter*, this Court considered what proof of certification was required by 19 C.S.R. 25-30.51(4). *Id.* The Director had provided evidence of NIST certification in 2014--the certification immediately preceding the applicable BAC test. *Id.* The Director had not, however, provided evidence of NIST certification in 2013. *Id.* The Court held that, because the Director had not provided evidence of both the 2014 *and* 2013 certifications, it failed to establish compliance with the DHHS regulations and proper foundation for the admission of the BAC results. Id. at 448-49; *see also, State v. Pickering*, 473 S.W.3d 698, 703 (Mo. App. W.D. 2015) (same).

We do not believe that the requirements of *Carter* require the Director to present evidence of post-testing maintenance and certification of machines as foundation for the admission of BAC results. The reasoning of *Sellenriek* and *Kern*, that what matters is the accuracy of the machine at the time of testing, remains good law. The language of 19 CSR 25-30.51(4) does not expressly require annual certification beyond the date of a BAC test. Nor should *Carter* be read so broad as to require post-BAC test certification to establish foundation for the admissibility of a BAC test result.

8

While the accuracy of the BAC test could be challenged, based on the discontinued use of the Simulator and lack of subsequent certification, such a challenge raises a question of reliability not admissibility, and thus, a factual determination that must be made by the trial court.

### Conclusions

We remand this case with instructions for the trial court to admit evidence of Blackwell's BAC results and then to determine if the results are reliable and the Director has met its burden of persuasion based upon the evidence adduced at trial.[3]

_____
Gary D. Witt, Judge

All concur

---

[3] Because the trial court admitted the evidence during the trial but after the close of evidence and prior to its judgment reversed itself and ruled the evidence was inadmissible, a new trial or reopening the evidence is not warranted.