**Tim Joseph NARSH,
Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of
Missouri, Defendant/Appellant.**

No. 64795.

Missouri Court of Appeals,
Eastern District,
Division One.

June 14, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
James A. Chenault, III, Sp. Asst. Atty. Gen.,
Mo. Dept. of Revenue, Jefferson City, for
appellant.

Tim Joseph Narsh, pro se.

REINHARD, Judge.

The Director of Revenue (Director) appeals the circuit court's order restoring petitioner's driving privileges after they had been revoked under the administrative revocation provisions of §§ 302.500–302.541, (RSMo 1986 & Supp.1993).[1] Petitioner's revocation was sustained after an administrative hearing and petitioner filed a petition for trial de novo in circuit court pursuant to § 302.535. After a hearing, the circuit court restored petitioner's driving privileges. We reverse and remand.

Petitioner was arrested for driving while intoxicated on July 7, 1992, by Officer Aaron Turner of the New Haven Police Department. Officer Turner was called by Marie Watkins, who saw petitioner's car pull into a parking lot. Watkins saw that the driver (petitioner) did not exit the car after stopping and appeared to be in a "complete trance." Petitioner was passed out in his car when Officer Turner arrived, and Turner was able to wake petitioner only after several attempts. Turner testified petitioner's breath smelled strongly of alcohol, and that petitioner had difficulty standing. Petitioner informed Turner he had been drinking beer (though he did not specify the amount). Officer Turner did not perform field sobriety tests. Rather, he took petitioner to the New Haven Police Department where a breath analysis was performed utilizing an Alco–Analyzer 2000 (serial no. 2023). The test indicated petitioner had a blood alcohol content of .227 percent.

At the trial de novo, the Director attempted to have admitted into evidence a June 28, 1992 Alco–Analyzer Maintenance Report (Exhibit D).[2] To that end, the Di-

---

1. All statutory citations are RSMo 1986 unless otherwise noted.

2. The maintenance report was signed by a patrolman who inserted his Type II permit number (220164) in the space provided on the maintenance form. The Department of Revenue has

rector submitted Exhibit C: the notarized affidavit of Rock Creach, the custodian of records for the Breath Analyzer Program, State Public Health Laboratory, Missouri Department of Health (hereinafter Program) which identified the accompanying document and described the preparation and maintenance of the document as a business record.[3]

Petitioner objected to the introduction of the affidavit and the maintenance report on the ground that there had been no showing of the qualifications of the person who executed the maintenance report. Petitioner asserted the record was inadmissible without the officer's Type II permit being in evidence. The court sustained the objection, stating:

> Exhibits C and D will not be admitted because the court feels that section 490.692 of the Revised Statutes of Missouri, in the statutory affidavit, which exhibit C absolutely tracks, has gone beyond the statutory limit on what may be brought without an inquiry into, or behind, the record, itself. The court takes the position that a clerk, a custodian of records or paper,

instituted regulations to ensure the qualifications of persons who test and maintain breathalyzer machines. Administrative Rule 19 CSR 20–30.31 states, in relevant part:

> (1) *A Type II permit authorizes an individual* to operate a breath analyzer and *to perform any of the following duties:* to conduct training courses for the operation of breath analyzers that are approved by the department, to conduct training courses approved by the department to qualify for a Type II permit, to make field repairs on breath analyzers as indicated on the permit, *to perform maintenance checks on breath analyzers as required by the department* and to supervise operators of breath analyzers. (Emphasis added).
> (2) An applicant for a Type II permit shall not be less than twenty-one (21) years of age. In addition, the applicant successfully *shall complete a training course approved by the department for obtaining a Type II permit.* (Emphasis added).
> The CSR further states other qualifications a permittee must have prior to being certified Type II. *See* CSR 20–30.31(5).

**3.** The business record exception to the hearsay rule is codified in § 490.680, which provides:

> *A record of an act, condition or event, shall, insofar as relevant, be competent evidence* if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of

cannot be authorized, by statute or not, with the power of saying, "Not only is this our record but furthermore it's right." Somehow we would have to prove that, whomever this signatory is of the test of the machine was, really what they say on this paper they are. Without a copy of the Type II Permit, Exhibit D is inadmissible.

Consequently, after the Director's offer of proof, the results of the breathalyzer were rejected by the court, and the court reinstated petitioner's driving privileges.

■ On appeal, the Director contends that the trial court improperly excluded the maintenance report in that the report met the business record statutory requirements. We agree.

Since the submission of this case, the Western District has handed down its decision in *Thomas v. Director of Revenue,* 875 S.W.2d 582 (Mo.App.W.D.1994). There, the trial court sustained a similar foundational objection to the admission of a breathalyzer maintenance report (the petitioner argued

business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. (Emphasis added).

This section requires the establishment of a "foundation" consisting of testimony by the custodian of records or "other qualified witness" as to the identity of the records and as to other factors designed to show the reliability of the records. *Goodloe v. Director of Revenue,* 838 S.W.2d 506, 508 (Mo.App.W.D.1992).

Here, the custodian's affidavit was submitted in lieu of his testimony. This is permissible pursuant to § 490.692, RSMo Supp.1993, which provides:

> 1. Any records or reproduced copies of records that would be admissible under sections 490.660 to 490.690, *shall be admissible as a business record,* subject to other substantive or procedural objections, in any court in this state *upon the affidavit of the person who would otherwise provide the prerequisites of sections 490.660 to 490.690, that the records attached to the affidavit were kept as required by section 490.680.* (Emphasis added).
> 2. No party shall be permitted to offer such business records into evidence pursuant to this section unless all other parties to the action have been served with copies of such records and such affidavit at least seven days prior to the day upon which trial of the cause commences.

that nothing proved the accuracy of the maintenance procedures or the accuracy of the recorded results, and that the officers who testified to establish the maintenance report's foundation as a business record had no personal knowledge of the maintenance check). The *Thomas* court reversed and remanded, holding that breathalyzer maintenance reports qualify as business records. The court further stated "the report preparer need not lay the foundation, and the records custodian need not have personal knowledge of the mode of preparation." *Id.* at 585.

There is no significant distinction between *Thomas* and the instant case. As there, the trial court here erroneously added additional foundational elements to the business records exception, and thereby erred by excluding the maintenance report from evidence when the state could not meet that additional burden. The trial court's order reinstating petitioner's driving privileges is reversed, and the cause remanded for a new trial.

CRANDALL, P.J., and CRIST, J., concur.