**David J. SMITH, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 71512.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 27, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Special Asst. Atty. Gen., Jefferson City, for appellant.

DOWD, Judge.

The Director of Revenue (Director) suspended David J. Smith's (Driver) driving privileges pursuant to §§ 302.500–302.541, RSMo 1994.[1] The trial court concluded that Director did not meet her burden of proving a lawful basis for the suspension and reinstated Driver's driving privileges. We reverse and remand.

On December 14, 1995, Deputy responded to a radio dispatch describing Driver's vehicle as the vehicle involved in a hit and run accident. Deputy radioed ahead, and another deputy pulled Driver's vehicle over. Deputy subsequently arrived at the scene and arrested Driver for leaving the scene of an accident under § 577.060. During transport to the county jail, Deputy smelled a "strong" odor of intoxicating beverage and noticed Driver was having difficulty speaking. At the sheriff's department, Deputy administered field sobriety tests, including an alpha-

bet test, the one-leg stand test and the gaze nystagmus test. Deputy determined that Driver failed the tests and arrested him for driving while intoxicated.

Deputy was not qualified at the time to administer the breathalyzer test on the available machine, so he contacted the Missouri Highway Patrol for a qualified officer. Deputy read Driver the implied consent warning and Driver agreed to take a breath analysis test. Deputy observed Driver for the required fifteen minutes, in which Driver did not smoke, vomit or put anything in his mouth. Deputy also observed as the Trooper administered the test to Driver and filled out the checklist. Trooper completed the Blood Alcohol Test Report, certified that he was authorized to operate the DataMaster instrument, indicated his permit number, and stated that there was no deviation from any of the procedures approved by the Department of Health. The report indicated that Driver's blood alcohol content was .12 percent.

The Director suspended Driver's driving privileges pursuant to § 302.505, and the suspension was upheld after an administrative hearing. Driver filed a petition for a trial de novo in the circuit court.

At trial, Director offered Deputy's testimony and Exhibit A as evidence. Exhibit A, which Director offered as a business record, included the Alcohol Influence Report, a printout of the breathalyzer test results, the investigation report, and the BAC DataMaster Maintenance Report. The documents in Exhibit A were attached to the notarized affidavit of the records custodian of the Department of Revenue's Drivers License Bureau. Driver objected on three grounds. First, that there was no showing that the procedures were followed on the checklist. Second, that there was no showing of the testing officer's or the maintenance officer's qualifications. Third, that the printouts from the maintenance check were not attached to the maintenance report.[2]

---

**1.** All statutory references are to RSMo 1994.

**2.** At oral argument, Driver argued that the certification of the approved standard solution did not accompany the maintenance report as re-

quired by 19 CSR 25–30.050(4). This objection was not made at trial, nor was it addressed in the briefs on appeal. Therefore, the argument is waived. Rule 78.09. *Dennis v. St. Louis Board*

Exhibit A was introduced subject to Driver's objections. Driver offered no testimony or other evidence to contradict the information contained in the report. The trial court entered a judgment setting aside the suspension, finding that Director failed to prove by a preponderance of admissible evidence that Driver was operating a motor vehicle with a blood alcohol content of .10 percent or more.

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the court erroneously declares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

On appeal, Director contends that the trial court erred in setting aside Driver's suspension because the evidence did show that Driver was operating a motor vehicle while intoxicated. Director claims that the trial court erred in finding that it could not rely on the evidence presented. We agree.

■ Driver objected to the introduction of Director's evidence based on a lack of foundation. Section 490.680 sets out the business records exception to the hearsay rule. It mandates that courts allow, upon qualification, the admission of business records for the truth of the matter asserted. *Cannon v. Director of Revenue*, 895 S.W.2d 302, 304 (Mo.App. E.D.1995). The statute provides:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Although § 490.680 requires a foundation consisting of testimony by a qualified witness, § 490.692 allows this foundation to be established with an affidavit rather than by direct testimony. *Id.* at 304. Upon compliance with §§ 490.680 and 490.692, business records may be admitted without any additional direct testimony. *Id.* at 305.

of Education, 809 S.W.2d 20 (Mo.App. E.D.

In the instant case, Director submitted the affidavit signed and sworn to by the records custodian of the Department of Revenue's Drivers License Bureau. The affidavit complied in form and content with that required by § 490.692.

Also, Deputy testified that he observed Trooper fill out the checklist at the time of the test. This testimony taken with the affidavit is substantial evidence that the procedures on the checklist were followed.

■ Driver next contended that Director failed to show the qualifications of the testing officer and the maintenance officer. There is no need to produce a copy of the officer's Type II permit as evidence to establish qualifications. *Narsh v. Director of Revenue*, 878 S.W.2d 82, 84 (Mo.App. E.D.1994). Trooper certified that he was authorized to operate the instrument. On the checklist Trooper checked the box next to the phrase "I am authorized to operate this instrument." The record indicates that Trooper had a valid Type II permit from the Missouri Department of Health to operate a breath analysis instrument. The report contained his permit number, along with its expiration date. In addition, the maintenance report contains the maintenance officer's permit number and expiration date. No other evidence is necessary to establish his qualifications.

■ Driver also argued that the maintenance report was inadmissible because the printouts were not attached. The failure to attach the printouts did not prevent Director from meeting her burden. *See Tebow v. Director of Revenue*, 921 S.W.2d 110, 113 (Mo.App. W.D.1996). Director presented other evidence that the instrument had been properly tested and maintained. The maintenance report contained the maintenance test results and the maintenance officer's signature. Although the better practice is to attach the printouts, failure to attach the printouts is not fatal. Nor is the veracity of the maintenance report destroyed by a failure to attach the printouts.

■ We note that caution should be exercised when a suspension case is submitted on the records alone. *Cannon*, 895 S.W.2d at

1991).

306; *Tebow,* 921 S.W.2d at 113. Although submission of a case on records alone may pose some risks, including the inability to explain discrepancies, this was not a problem in the instant case. Driver presented no evidence and there are no discrepancies between the record and Director's evidence.

The director has the burden to show, by a preponderance of the evidence, that the police had probable cause to arrest the driver for driving while intoxicated and that at the time of the arrest, the driver's blood alcohol content was at least .10 percent. *Jurgiel v. Director of Revenue,* 937 S.W.2d 397, 398 (Mo.App. E.D.1997). The uncontradicted evidence established that Deputy had probable cause to believe that Driver had been driving while intoxicated. Deputy detected a strong odor of intoxicants and saw Driver fail field sobriety tests.

The evidence also established that Driver's blood alcohol content exceeded .10 percent. The Alcohol Influence Report showed that Driver's blood alcohol content was .12 percent.

The judgment of the trial court is reversed and the cause remanded for the trial court to enter a judgment reinstating Driver's suspension.

GERALD M. SMITH, P.J., and GRIMM, J., concur.