v.

Vicki GARNER–KIGHT, Respondent/Appellant.

No. ED 73692.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 22, 1998.

Stephen G. PLANK, Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, Defendant/Appellant.

No. ED 73694.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 22, 1998.

Before ROBERT G. DOWD, Jr., C.J., KATHIANNE KNAUP CRANE, J., and RICHARD B. TEITELMAN, J.

*ORDER*

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

JAMES A. PUDLOWSKI, Presiding Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment reinstating the driving privileges of Stephen G. Plank (Plank) after Director suspended them pursuant to section 302.505, RSMo 1994, following Plank's arrest for driving while intoxicated. We reverse and remand.

On December 31, 1996, a trooper for the Missouri Highway Patrol observed Plank driving his car in an erratic manner on Interstate 70 at Fifth Street in St. Charles County. He saw Plank drive the car over the dividing lines separating two lanes several times. The trooper pulled Plank over. He immediately noticed a strong odor of intoxicants coming from Plank and that his speech was slurred and his eyes watery. As Plank exited his vehicle, the trooper saw Plank swaying as he walked. The trooper administered three field sobriety tests, which Plank failed. The trooper arrested Plank for driving while intoxicated and transported him to the sheriff's department. Plank consented to a breathalyzer test, which showed he had a

BAC of .165 percent. Director suspended his driving privileges.

After Director suspended Plank's driving license, Plank requested an administrative hearing. The hearing officer upheld the Director's suspension of Plank's license. Plank then filed a petition for a trial de novo with the circuit court. The trial on Plank's petition was held on October 15, 1997. At the trial, Director submitted the matter on business records labeled as Exhibits A and B, which included business records from the Department of Revenue and the Missouri Highway Patrol. The records were certified by the proper custodian of records for each entity. The Department's records included the Alcohol Influence Report prepared by the arresting officer and the breath test results for Plank. The highway patrol records included the Datamaster Maintenance Report for breathalyzer # 940227 with attached printouts, a certificate of analysis from Lot # 96001 simulator solution from RepCo Marketing, Inc., and the Type II permit from the maintaining officer. At the trial, the parties argued extensively over the exhibits. Plank presented no evidence.

On November 7, 1997, the circuit court entered a judgment reinstating Plank's driving privileges. The court found the arresting officer had probable cause to arrest Plank for driving while intoxicated, but that Director had failed to prove Plank had a BAC of .10 percent or more. Director appeals.

■ Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Pursuant to that standard, the circuit court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

In Point I, Director argues the trial court erred in concluding Director had failed to prove Plank had a BAC of .10 percent or more. Director contends she laid a proper foundation for the admission of its breath test results that showed Plank had a BAC of .165 percent.

■ To establish the foundation for admitting the breath test results, the Director had to demonstrate that the test was performed: (1) by following the approved methods and techniques of the Department of Health; (2) by a person holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D. 1997).

■ Although the trial court did not state its reasons for excluding the breath test results, Director indicates the trial court appeared to reject the results because the certificate of analysis for the simulator solution did not state the name of the manufacturer as required by a former regulation, 19 CSR 25–30.050. In response, Plank contends the certificate contained double hearsay. Further, Plank asserts Director failed to establish a foundation for the admission of the breath test results by proving the certificate of analysis conformed with Department of Health regulations. Plank lists multiple grounds upon which he contends the certificate of analysis fails to comply with a more recent regulation, 19 CSR 25–30.051(1).[1]

■ These issues were recently addressed by this court in two opinions: *Tate v. Director of Revenue*, 982 S.W.2d 724 (Mo.App. E.D., 1998) and *Trumble v. Director of Revenue*, No. 73665, —— S.W.2d ——, 1998 WL 813385 (Mo.App. E.D., filed Nov. 24, 1998). In those cases, this Court found that section 490.680, RSMo 1994, provided a statutory exception to the hearsay exclusionary rule by permitting the admission of the certificate of analysis if the custodian of records or other qualified witness establishes a proper foundation. *Tate*, at 727; *Trumble*, slip op. at 4–5, at —— – ——. Further, if there is a proper attestation by affidavit under section 490.692, RSMo 1994, then the certificate of analysis is admissible. *Id.* In the case at hand, Director offered the certificate of analysis with the

---

1. We note that although the parties and the circuit court were unsure if 19 CSR 25–30.051 or 19 CSR 25–30.050 applied, Plank did make these objections at trial. 19 CSR 25–30.051 became effective September 1, 1997, after Plank's arrest, but before his trial. Regulations affecting procedural rules apply retrospectively and we review under that rule. *Vilcek v. Director of Revenue*, 974 S.W.2d 602, 604 (Mo.App. E.D.1998).

proper attestation of the highway patrol's custodian of records by affidavit. Therefore, Plank's argument that the certificate of analysis is hearsay is not well taken.

In addition, in *Tate* and *Trumble,* this Court also addressed the requirements to show the certificate of analysis conformed with the Department of Health regulations before the breath test results could be admitted. In those cases, we found that 19 CSR 25–30.051, effective September 1, 1997, applied.[2] Furthermore, since the maintenance report was prepared on or after March 26, 1997, but before September 1, 1997, we found that the Director could demonstrate compliance with Department of Health regulations by showing compliance with subsection (4) of 19 CSR 25–30.051. *Tate,* at 728; *Trumble,* slip op. at 7, at ——.

■ In the present case, the maintenance report was prepared on December 7, 1996. Therefore, the Director established compliance with Department of Health regulations by including in its certified business records a copy of the certificate of analysis provided for Lot # 96001 of the simulator solution, which was used to calibrate the breathalyzer that tested Plank. Therefore, the certificate of analysis in question was admissible and Director did satisfy her burden of showing compliance with the Department of Health regulations.

■ Plank counters that the trial court could have found Director failed to lay the foundation for admission of the breath test results because she failed to prove that the operator of the breathalyzer had a valid permit. Plank asserts the Director was required to present a copy of the permit at trial because the officer did not testify. This Court has rejected that argument in previous cases. In *Smith v. Director of Revenue,* 948 S.W.2d 219, 221 (Mo.App. E.D.1997), we found that a copy of the permit is unnecessary to establish the qualifications of the officer to operate the breathalyzer. Rather, the qualifications could be established by the

officer's certification on the Alcohol Influence Report that he was authorized to operate the instrument and a listing of the permit number and expiration date. *Id.; See also, Buschmann v. Director of Revenue,* 969 S.W.2d 766, 768 (Mo.App. E.D.1998). Here, the officer certified he was authorized to operate the breathalyzer in question and listed his permit number and expiration date. This is sufficient for the Director to establish the officer had the necessary qualifications to operate the breathalyzer. In addition, this information was offered as a business record with a properly attached affidavit from the custodian of records. Therefore, the Director did lay the proper foundation for the admission of the breath test results, which showed Plank had a BAC of .165 percent and the circuit court erred in finding otherwise.

In Point II, Director argues that with the admission of the breath test results, the trial court's decision to reinstate Plank's driving privileges is against the weight of the evidence because she established a prima facie case and Plank offered no evidence rebutting it.

■ To uphold its suspension of Plank's driving privileges, the Director had the burden at the trial de novo of showing by a preponderance of the evidence that the arresting officer had probable cause to arrest Plank for driving while intoxicated and further, that Plank's BAC was at least .10 percent at the time of the arrest. *Jurgiel v. Director of Revenue,* 937 S.W.2d 397, 398 (Mo.App. E.D.1997). When Director makes a prima facie showing of its case, the burden then shifts to Plank to rebut the prima facie case by a preponderance of the evidence. *Green v. Director of Revenue,* 961 S.W.2d 936, 938 (Mo.App. E.D.1998).

■ Plank argues that even with the admission of the breath test results, there was no evidence that Plank was arrested upon probable cause to believe he was driving while intoxicated. However, in its judgment, the trial court specifically found there was probable cause to arrest Plank for driving

2. Another amendment to the rule was subsequently enacted with an effective date of May 4, 1998, which substantially changes the language

and requirements of 19 CSR 25–30.051. This amendment removes any reference to the necessity of a certificate of analysis.

while intoxicated. Furthermore, this conclusion is supported by the evidence outlined in the Alcohol Influence Report.

With the admission of the breath test results, Director satisfied her burden of proving a prima facie case. Plank offered no rebutting evidence. Therefore, the trial court erred in finding that Plank did not have a BAC of .10 percent or greater and its judgment reinstating Plank's driving privileges is against the weight of the evidence. Accordingly, we reverse the trial court's judgment and remand for the trial court to enter judgment reinstating the suspension of Plank's driving privileges.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.