John SHERIDAN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 81528.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 15, 2003.

879

Sreenivasa R. Dandamudi, St. Louis, MO, for appellant.

William G. Buchholz II, Clayton, MO, for respondent.

## OPINION

GLENN A. NORTON, Judge.

The Director of Revenue appeals the judgment reinstating John Sheridan's driving privileges. We reverse.

## I. BACKGROUND

Sheridan was arrested for driving while intoxicated and taken to the police station where he was given a breath test. His license was suspended, and he sought a trial de novo in circuit court. The court

found that the arresting officer had probable cause to arrest Sheridan, and that finding is not challenged on appeal.

At trial, the arresting officer testified that she observed Sheridan for at least fifteen minutes before he was given the breath test, during which time Sheridan did not vomit, smoke, or put anything into or take anything out of his mouth. Another officer at the police station administered the test. He testified that he was authorized to operate the BAC Verifier and that he followed a checklist of steps when he administered the test. When asked the results of the breath test, Sheridan's objection for lack of foundation was sustained.

The Director of Revenue then offered Exhibit B, which contained, among other documents, a maintenance report from the BAC Verifier and the results of the test, showing Sheridan's blood alcohol content at 0.365%.[1] Attached to the exhibit was a notarized business records affidavit. On the maintenance report itself, checkmarks indicated that various diagnostic checks and a radio frequency interference ("RFI") test had been performed. Although the report indicated that printouts of the diagnostic checks and RFI test were attached to the report, the attachments were not included in Exhibit B. The report also indicated that the machine's solution came from "Repco Marketing Inc." Again, although the report stated "certificate enclosed," no certificate of analysis from the solution supplier was included in Exhibit B. The inspecting officer signed the report and noted his permit number and its expiration date.

Sheridan objected to the admission of Exhibit B on the grounds that the inspecting officer did not testify and that the printouts and certificate of analysis were

not attached to the maintenance report. The objection was sustained, and the Director made an offer of proof as to the contents of the exhibit. The Director offered no other evidence, and Sheridan put on no evidence. The court concluded that the Director failed to prove that Sheridan's blood alcohol content was over the legal limit and reinstated his driver's license.

## II. DISCUSSION

■ This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or the court erroneously declared or applied the law. *Hinnah v. Director Of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). In its point on appeal, the Director argues that the trial court erred as a matter of law by refusing to admit Exhibit B containing the results of Sheridan's breath test. We agree.

■ To meet the burden of proof for suspension of driving privileges, the Director must show by a preponderance of the evidence that at the time of arrest the driver's blood alcohol content was at or above the legal limit. *Guccione v. Director of Revenue*, 988 S.W.2d 649, 652 (Mo.App. E.D.1999). "When the Director makes a prima facie case, the burden then shifts to the driver to rebut the prima facie case by a preponderance of the evidence." *Id.* To admit the results of a breath test as proof of blood alcohol content, certain foundational prerequisites must be met. *Phelps v. Director of Revenue*, 47 S.W.3d 395, 401 (Mo.App. E.D.2001). At issue here is whether the Director demonstrated that the required maintenance check was performed on the machine and that the

---

1. The threshold blood alcohol concentration level is 0.08%. Section 302.505 RSMo Supp. 2001.

equipment and devices used were approved by the Department of Health. *See id.*

■ Sheridan objected at trial that the exhibit was inadmissible without the inspecting officer's testimony—presumably a challenge to the officer's qualifications to perform the required maintenance check. But where, as here, the inspecting officer's name, his permit number and the permit's expiration date are contained in the maintenance report, "no other evidence is necessary to establish [the inspecting officer's] qualifications." *Smith v. Director of Revenue*, 948 S.W.2d 219, 221 (Mo.App. E.D. 1997); *see also Narsh v. Director of Revenue*, 878 S.W.2d 82, 83 (Mo.App. E.D. 1994). It was error to exclude the exhibit on that ground.

■ Sheridan also objected that failure to attach printouts of the diagnostic checks and RFI test precluded admission of the maintenance report. It was also error to exclude the exhibit on this ground. If there is other evidence that the machine has been properly tested and maintained, then the report is admissible without the printouts. *See Smith*, 948 S.W.2d at 221. "Although the better practice is to attach the printouts, failure to attach the printouts is not fatal. Nor is the veracity of the maintenance report destroyed by a failure to attach the printouts." *Id.* Here, the fact that the maintenance report was (1) signed by the inspecting officer, (2) showed that the required checks and tests were performed and (3) contained the test results, provided a sufficient foundation to admit the report without printouts. *See id.*

■ Finally, a certificate of analysis from the approved solution supplier is no longer required, and it was error to exclude the exhibit because there was no certificate. *See Kobayshi v. Director of Revenue*, 22 S.W.3d 247, 250 (Mo.App. E.D.2000). Nor is there any requirement, as Sheridan argues, that the specific location of the solution supplier must be identified. The Department of Health lists "RepCo Marketing, Inc. Raleigh, NC 27604" as an approved solution supplier. Mo.Code Regs. Ann. tit. 19, section 25–30.051(3) (2001). Citing to "Repco Marketing Inc." in the report in this case is sufficient to establish that the solution came from an approved supplier.

In sum, the foundational prerequisites for admission of the breath test results were met in this case. Moreover, the foundation for Exhibit B as business records was properly laid and is not challenged on appeal. Thus, Exhibit B should have been admitted to prove that Sheridan's blood alcohol content was well over the legal limit. Sheridan presented no evidence to contradict this, and his driving privileges should not have been reinstated.

The Director's point on appeal is granted.

## III. CONCLUSION

The judgment is reversed. The case is remanded with directions to enter judgment reinstating the suspension of Sheridan's driving privileges.

WILLIAM H. CRANDALL, P.J., and SHERRI B. SULLIVAN, J. concurring.