IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 10, 2007 Session

MARKS, SHELL & MANESS, ET AL. v. CYNTHIA T. MANN, ET AL.

Appeal from the Chancery Court for Montgomery County
No. MC-CH-CV-98-08-0011     John H. Gasaway, III, Judge

No. M2006-01142-COA-R3-CV - Filed on May 7, 2007

A judgment lienholder appeals from a trial court's determination that a purchase money mortgage lien on real property has priority over a previously recorded judgment lien. Based upon this court's holding in *Guffey v. Creutzinger*, 948 S.W.2d 219 (Tenn. Ct. App. 1998), we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S. and FRANK G. CLEMENT, JR., J., joined.

Roger A. Maness, Clarksville, Tennessee, for the appellants Marks, Shell & Maness, et al.

Stanley A. Kweller, Nashville, Tennessee, for the appellee, Cynthia T. Mann, et al.

**OPINION**

The issue in this case is which of two liens takes priority: (1) a previously filed judgment lien or (2) a purchase money mortgage lien on later-acquired real property.

The judgment lien arose from a judgment entered by the Chancery Court of Montgomery County in favor of the law firm of Marks, Shell & Maness against Cynthia T. Mann and Gary J. Mann for $553,006.79. That judgment was filed on March 28, 2002, creating a judgment lien pursuant to Tenn. Code Ann. § 25-5-101 and Tenn. R. Civ. P. 69.07. Mr. and Mrs. Mann divorced. On August 29, 2003, Mr. Mann purchased real property in Montgomery County and executed a promissory note for $121,320, secured by a trust deed to the original mortgagee, Washington Mutual Bank, F.A., which was recorded on September 4, 2003.

The law firm filed a motion asking the court to order a sale of this real property to satisfy its judgment lien. The bank's successor in interest, America's Servicing Company, Inc., intervened and opposed the law firm's motion, asserting that its purchase money mortgage lien was superior.

The trial court agreed with the mortgagee and, in an opinion and order entered May 24, 2006, found that the indebtedness created by Mr. Mann in favor of America's Servicing Company, Inc. was a purchase money mortgage. The court held that *Guffey v. Greutzinger*, 948 S.W.2d 219 (Tenn. Ct. App. 1998), governed the priority issue and quoted from that opinion:

> A mortgage on land executed to secure the purchase money by a purchaser of the land contemporaneously with the acquisition of the legal title thereto, or afterward but as a part of the same transaction, is a purchase money mortgage, and is entitled to a preference as such over all other claims or liens arising through the mortgager, although they are prior in point of time.

Based upon the *Guffey* case, the trial court concluded:

> Although the judgment lien in favor of the plaintiffs was filed prior to the acquisition by the defendant, Gary J. Mann, of the subject real property and prior to the creation of the purchase money mortgage in favor of the intervening petitioner, the law in Tennessee is well settled that the purchase money mortgage enjoys a priority over the judgment lien. The law does not prevent the plaintiffs from conducting the requested sale but the proceeds of such a sale would have to be applied to satisfying the purchase money mortgage before satisfying the judgment lien.

We agree with the trial court that *Guffey* is applicable to the facts and circumstances in the case before us. The law firm does not disagree and, in fact, characterizes its appeal as a "frontal assault" on the holding of *Guffey*.

The *Guffey* case involved the same question of priority between a prior judgment lien and an after-acquired purchase money mortgage lien. The same argument was made that the recording statutes, specifically Tennessee Code Annotated § 66-24-119 (stating that the first registered instrument has preference over later registered instruments), give priority to the prior-recorded judgment lien. *Guffey*, 984 S.W.2d at 221. However, the *Guffey* court determined that purchase money instruments retain special priority rights, *i.e.*, that they are entitled to preference over all other claims or liens arising through the mortgagor. As the court explained, this priority, based on the unique nature of purchase money financing, has been recognized in a number of jurisdictions and is the general rule. *Guffey*, 984 S.W.2d at 222.

The *Guffey* court thoroughly examined the several rationales courts have given to explain the special priority given to purchase money mortgages, including the doctrine of instantaneous or transitory seisin and the theory that the only title the purchaser receives is encumbered title. *Id*. The court also discussed the public policy reasons justifying the imposition of the rule of superiority for purchase money mortgage liens. *Id*. Finally, the court surveyed Tennessee law and stated:

However, from the above cases, we conclude that Tennessee has recognized the special nature of purchase money mortgages whereby the vendee is not vested with absolute title. *See Prichard Bros. v.* [*Cousey*], 158 Tenn. [53, 58], 12 S.W.2d [711, 712 (1929)]. We must assume that the legislature in enacting this statute was cognizant of the law as established by our Supreme Court giving preference to a mortgagee over a mechanic's lien in a purchase money mortgage transaction. The statute by its terms provides that judgments "shall be effective against any person having, or later acquiring, an interest in such property." T.C.A. § 66-24-119. The judgment can be effective only as to the interest acquired, which in a sales transaction and a contemporaneous purchase money mortgage is "land subject to the vendor's lien." *Prichard Bros.*, 158 Tenn. at 57, 12 S.W.2d at 712. The General Assembly did not expressly abrogate this common law notion and, thus, we do not construe it as intending to do so. *Perry v. Sentry Ins. Co.*, 938 S.W.2d 404, 406 (Tenn. 1996) ("Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms.")

*Guffey*, 984 S.W.2d at 224.

The *Guffey* court concluded that the execution and delivery of the deed to the purchasers and the deed of trust to the mortgagor, which instruments were simultaneously recorded, were in such proximity in time to constitute "one continuous transaction" and that the title conveyed to the purchasers was considered encumbered by the mortgagee's lien when it was conveyed. *Id*.

We have carefully reviewed the arguments made herein and find no reason to depart from the holding and reasoning in *Guffey*. Accordingly, we affirm the judgment of the trial court. Costs on appeal are taxed to the appellants, Marks, Shell & Maness, et al.

_____
PATRICIA J. COTTRELL, JUDGE