

# In the Missouri Court of Appeals

# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| THOMAS MICHAEL PRADE, | ) | No. ED103332 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Hon. Matthew E.P. Thornhill |
| DIRECTOR OF REVENUE, | ) | |
| | ) | Filed: |
| Appellant. | ) | June 21, 2016 |

The Director of Revenue appeals from the judgment of the trial court reinstating the driving privileges of Thomas Prade, which were suspended after his arrest for driving while intoxicated. The Director argues that the trial court erred in excluding from evidence the breath sample results showing Prade's blood alcohol content ("BAC") was over the legal limit. We agree and, therefore, reverse and remand.

Prade was arrested for driving while intoxicated after a traffic stop, during which he performed poorly on field sobriety tests and displayed some indicia of intoxication. He agreed to provide a breath sample on an Alco-Sensor IV breath analyzer, the results of which showed his BAC was .146 percent, well over the legal limit of .08 percent. His license was suspended, and Prade filed a petition for a trial de novo.

Prade objected to the admission of the breath sample results. He argued that the compressed ethanol gas mixture used to maintain the breath analyzer was not provided from an approved supplier under Department of Health and Senior Services regulations. On the

maintenance report, the inspecting officer listed "Intoximeters" in the box labeled "Standard Supplier" of the gas mixture. Intoximeters, Inc. is an approved supplier under the regulation. See 19 CSR 25-30.051(6). It was undisputed that the certificate of analysis, which is not in the record on appeal, showed that the gas mixture was manufactured by Airgas Mid America and that Intoximeters was Airgas's customer. The trial court reasoned that because Intoximeters did not manufacture the gas mixture, and instead merely served as a "middleman" between the manufacturer and law enforcement, Intoximeters was not the supplier. On that basis, it excluded the breath sample results and—there being no admissible evidence of Prade's BAC—ordered the Director to remove the suspension and reinstate his driving privileges. This appeal follows.

The Director has the burden to establish by a preponderance of the evidence a prima facie case for suspension of a driver's license by introducing evidence that there was probable cause for arresting the driver for an alcohol-related offense and that the driver's BAC exceeded the legal limit of .08 percent. McGough v. Director of Revenue, 462 S.W.3d 459, 462 (Mo. App. E.D. 2015). To establish that a driver's BAC was over the legal limit, the Director may introduce evidence of the results of a breath analyzer test. Id. To lay a foundation for admission of those results, the Director must establish that the test was performed using the approved techniques and methods of the Department of Health and Senior Services, by an operator holding a valid permit and on equipment and devices approved by the Department. Id.

The Department has promulgated regulations regarding the maintenance of breath analyzers that must be followed in order for the results taken from that machine to be admissible at trial. In relevant part, they provide that the "[c]ompressed ethanol-gas standard mixtures used to verify and calibrate evidential breath analyzers shall be mixtures provided from approved suppliers." 19 CSR 25-30.051(5). There are four approved suppliers listed in the regulation,

2

including Intoximeters; Airgas is not an approved supplier. 19 CSR 25-30.051(6). The Director argues that this regulation does not require that the gas mixture be manufactured by one of the approved suppliers listed therein, only that the gas mixture be provided to law enforcement from one of those approved suppliers. Prade argues that because the regulation says "provided *from* approved suppliers" it refers to the actual starting point of the gas mixture and since Airgas is where the mixture started, Intoximeters cannot be an approved supplier. He also contends that, at the very least, there were two suppliers—Intoximeters and Airgas—and one of them was not on the approved list and therefore the BAC results were properly excluded.

Both of Prade's arguments have been squarely rejected by this Court in Gallagher v. Director of Revenue, where we held that "the plain meaning of 'provided from approved suppliers' requires only proof that the entity that provided the gas mixture to law enforcement was an approved supplier; there is no further requirement of proof regarding the manufacturer or any other entity in the chain of supply." 2016 WL 720619 at *2 (Mo. App. E.D February 23, 2016) (Motion for Rehearing and/or Transfer to Supreme Court filed in Court of Appeals denied April 12, 2016); see also Hiester v. Director of Revenue, 2016 WL 720675 (Mo. App. E.D. February 23, 2016) (Application for Transfer to Supreme Court filed in Court of Appeals denied April 12, 2016; Application for Transfer filed in Supreme Court denied May 24, 2016). Thus, Intoximeters need not have produced the gas mixture it provided in order to be considered a supplier of that product under the regulations.

It may be reasonable in some cases to infer that if a certain entity manufactured the product, it also supplied it to law enforcement. Gallagher, 2016 WL 720619 at *2 (citing Selix v. Director of Revenue, 985 S.W.2d 380, 383 (Mo. App. E.D. 1999)). But here no such inference is necessary—nor would it be reasonable to draw one—because it was undisputed that the gas

3

mixture was manufactured by Airgas, which then sold it to its customer, Intoximeters. Then Intoximeters supplied the gas mixture to law enforcement, the ultimate consumer of this product. The trial court erred in concluding that because it did not manufacture the gas mixture, Intoximeters could not be deemed the supplier. There is simply no support for that conclusion in the plain language of the regulation. See Gallagher, 2016 WL 720619 at *2.

In sum, Intoximeters was clearly identified as the supplier that provided law enforcement the gas mixture to verify and calibrate the breath analyzer used to test Prade's BAC at the time of his arrest. Intoximeters is an approved supplier under 19 CSR 25-30.051, and therefore proper foundation was laid for the admission of the breath sample results. Excluding those results was error. Point granted.

The judgment of the trial court is reversed. Given its disposition on the BAC evidence, the trial court made no findings on whether the Director met its burden to prove probable cause for Prade's arrest. Therefore, we must remand the case for further proceedings consistent with this opinion. See id. at *3 (citing McGough, 462 S.W.3d at 464-65 n.5).


ROBERT G. DOWD, JR., Presiding Judge


Mary K. Hoff, J. and
Roy L. Richter, J., concur.

4