In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

MEGAN LIZABETH SCHWANDNER, ) No. ED108288
 )
 Respondent, ) Appeal from the Circuit Court
 ) of St. Charles County
 vs. ) 1811-CC00576
 )
DIRECTOR OF REVENUE, ) Honorable Matthew E.P. Thornhill
 )
 Appellant. ) Filed: January 26, 2021

 The Director of Revenue (“the Director”) appeals from the judgment of the trial court

reinstating the driving privileges of Megan Lizabeth Schwandner (“Driver”), which were

suspended after her arrest for driving while intoxicated. On appeal, the Director argues that the

trial court erred in excluding from evidence the breath sample results showing Driver’s blood

alcohol content (“BAC”). Because we agree, we reverse and remand.

 I. BACKGROUND

 On March 2, 2018, Driver was arrested for driving while intoxicated after a traffic stop,

during which she performed poorly on field sobriety tests and displayed some indicia of

intoxication. Driver agreed to provide a breath sample on an Intox DMT breath analyzer (“the

Breath Analyzer”), the results of which showed her BAC was .139 percent, well over the legal

limit of .08 percent. Driver’s license was suspended, and she filed a petition for a trial de novo.

 At the trial de novo, Driver objected to the admission of the breath sample results. She

argued the compressed ethanol-gas mixture used to maintain the Breath Analyzer was not
provided from an approved supplier under Department of Health and Senior Services regulations

because, (1) 19 CSR 25-30.051(6) (effective from February 28, 2014 to March 29, 2020)1 lists

four approved suppliers of standard compressed ethanol-gas mixtures including “Intoximeters,

Inc. St. Louis, MO 63114”; and (2) the Director’s evidence in this case provides the supplier of

the standard compressed ethanol-gas mixture used to maintain the Breath Analyzer was

“Intoximeters, Inc.” “St. Louis, MO 63146.” (emphasis added).

 Subsequently, the trial court entered a judgment finding the standard compressed ethanol-

gas mixture used to maintain the Breath Analyzer was not provided from an approved supplier

because the zip code listed for Intoximeters, Inc. in the Director’s evidence (63146) was different

from the zip code listed for the company in 19 CSR 25-30.051(6) (63114). On that basis, the

trial court excluded Driver’s breath sample results and – there being no admissible evidence of

Driver’s BAC – ordered the Director to remove the suspension and reinstate Driver’s driving

privileges. The Director now appeals.

 II. DISCUSSION

 In the Director’s sole point on appeal, he argues the trial court erred in excluding Driver’s

breath sample results from evidence because it is not necessary to prove a company such as

Intoximeters, Inc. has a particular zip code in order to show the company is an approved supplier

of standard compressed ethanol-gas mixtures under 19 CSR 25-30.051(6). For the reasons

discussed below, we agree.

A. Standard of Review and General Law
 This Court reviews a trial court’s judgment reinstating a driver’s driving privileges like

any other court-tried case. Schmidt v. Director of Revenue, 611 S.W.3d 542, 547 (Mo. App. E.D.

2020) (citing Stiers v. Director of Revenue, 477 S.W.3d 611, 614 (Mo. banc 2016)).
1
 Unless otherwise indicated, all references to 19 CSR 25-30.051 are to the version of the regulation effective from
February 28, 2014 to March 29, 2020, which incorporates amendments through September 4, 2013. 19 CSR 25-
30.051 is set out in relevant part below in Section II.A. of this opinion.
 2
Accordingly, the trial court’s judgment will be affirmed unless there is no substantial evidence to

support it, it is against the weight of the evidence, it erroneously declares the law, or it

erroneously applies the law. Id. When evidence is contested by disputing a fact in any manner,

our Court defers to the trial court’s credibility determination. Schmidt, 611 S.W.3d at 547.

However, “[w]hen facts are not contested and the issue is one of law, our review is de novo, and

no deference is given to the trial court’s determination.” Id.

 “The Director has the burden to establish by a preponderance of the evidence a prima

facie case for suspension of a driver’s license by introducing evidence that there was probable

cause for arresting the driver for an alcohol-related offense and that the driver’s BAC exceeded

the legal limit of .08 percent.” Prade v. Director of Revenue, 492 S.W.3d 631, 632-33 (Mo.

App. E.D. 2016). In order to demonstrate the driver’s BAC exceeded the legal limit, the Director

may introduce evidence of the results of a breath analyzer test. Id. at 633. To lay a foundation

for the admission of the results of a breath analyzer test, “the Director must establish that the test

was performed using the approved techniques and methods of the Department of Health and

Senior Services [(“the Department”)], by an operator holding a valid permit and on equipment

and devices approved by the Department. Id.

 The Department has promulgated regulations pertaining to the maintenance of breath

analyzer machines that must be followed in order for the results taken from a particular machine

to be admissible at trial. Id. The regulations provide in relevant part:

 (1) Standards used for the purpose of verifying and calibrating breath analyzers
 shall consist of standard simulator solutions or compressed ethanol-gas standard
 mixtures.

 (2) Standard simulator solutions, used to verify and calibrate evidential breath
 analyzers, shall be solutions from approved suppliers....
 ...
 (3) Approved suppliers of standard simulator solutions are--

 (A) Alcohol Countermeasure Systems, Inc. Aurora, CO 80010
 3
 (B) Guth Laboratories, Inc. Harrisburg, PA 17111-4511

 (C) RepCo Marketing, Inc. Raleigh, NC 27604

 (D) Draeger Safety, Inc. Durango, CO 81303-7911
 ...
 (5) Compressed ethanol-gas standard mixtures used to verify and calibrate
 evidential breath analyzers shall be mixtures provided from approved suppliers….
 ...
 (6) Approved suppliers of standard compressed ethanol-gas mixtures are--

 (A) Intoximeters, Inc. St. Louis, MO 63114

 (B) CMI, Inc. Owensboro, KY 42303

 (C) Draeger Safety Diagnostic, Inc. Durango, CO 81303-7911

 (D) ILMO Products Company, Inc. Jacksonville, IL 62651-0790
 ...

19 CSR 25-30.051.

B. Analysis

 In this case, the facts are not contested, and the issue raised in the instant appeal –

whether it is necessary to prove a company such as Intoximeters, Inc. has a particular zip code in

order to show the company is an “[a]pproved supplier[ ] of standard compressed ethanol-gas

mixtures” under 19 CSR 25-30.051(6) – is one of law that we review de novo. See Schmidt, 611

S.W.3d at 547; see also Stiers, 477 S.W.3d at 614 (holding interpretation of a regulation is an

issue of law that an appellate court reviews de novo). In making this determination, we find our

Court’s decision in Sheridan v. Director of Revenue, 103 S.W.3d 878 (Mo. App. E.D. 2003) to

be instructive.

 In Sheridan, one issue on appeal was “whether the Director demonstrated that . . . the

equipment and devices used were approved by the Department . . . [,]” including whether it was

necessary for the Director to prove a company had a specific location in order to show the

 4
company was an approved solution supplier under 19 CSR 25-30.051(3).2 Sheridan, 103 S.W.3d

at 880-81. Our Court held in relevant part that although the Department listed “RepCo

Marketing, Inc. Raleigh, NC 27604” as an approved solution supplier in 19 CSR 25-30.051(3),

“[c]iting to ‘Repco Marketing Inc’ in the [Director’s evidence] [wa]s sufficient to establish [ ]

the solution came from an approved supplier.” Sheridan, 103 S.W.3d at 881. In other words,

Sheridan held it is not necessary to prove a company’s specific location (city, state, or zip code)

in order to show the company is an approved supplier under 19 CSR 25-30.051. See id.3

 We recognize the facts of this case are slightly different than those in Sheridan because,

inter alia, here the Director’s evidence lists a zip code for a company that is different from the

zip code listed for the company in the Department’s regulation, whereas in Sheridan, the

Director’s evidence listed no zip code at all for the company at issue. Nevertheless, this Court

finds the reasoning in Sheridan to be instructive, and we hold, (1) the Director’s evidence in this

case identifying “Intoximeters, Inc.” as the supplier of the standard compressed ethanol-gas

standard mixture used to maintain the Breath Analyzer machine used by Driver was sufficient to

establish the mixture came from an approved supplier under 19 CSR 25-30.051(6); and (2) it is

not necessary to prove a company such as Intoximeters, Inc. has a particular zip code in order to

show the company is an approved supplier of standard compressed ethanol-gas mixtures under

19 CSR 25-30.051(6). To hold otherwise would necessarily support the absurd and unreasonable

conclusion that the Department’s regulations would have to be rewritten every time an approved
2
 Sheridan involved the interpretation of a 19 CSR 25-30.051 (2001), which is substantially similar to the version
and portion of the regulation at issue in this appeal. Compare Sheridan, 103 S.W.3d at 881 (discussing 19 CSR 25-
30.051(3) (2001)) with 19 CSR 25-30.051 set out above in Section II.A. of this opinion.
3
 We note Sheridan was overruled on other grounds by White v. Director of Revenue, 321 S.W.3d 298, 307 (Mo.
banc 2010). Specifically, White overruled Sheridan (and other cases) only “[t]o the extent [they] applied section
302.535 [RSMo] to create a presumption of validity of the director’s evidence, to place a burden on the driver to
produce evidence that controverts or contradicts the director’s evidence for the trial court to disbelieve the evidence
on a contested issue, or to require written findings absent a request by a party”). See White, 321 S.W.3d at 307.
Sheridan’s holding that it is not necessary to prove a company’s specific location (city, state, or zip code) in order to
show the company is an approved supplier under 19 CSR 25-30.051 was not explicitly based on any of the
aforementioned, overruled principles of law. See Sheridan, 103 S.W.3d at 880-81.

 5
supplier moved its place of business to a different zip code. See Stiers, 477 S.W.3d at 614

(“[r]egulations are interpreted according to the same rules as statutes”) (quotation omitted); State

ex rel. Nixon v. Premium Standard Farms, Inc., 100 S.W.3d 157, 162 (Mo. App. W.D. 2003)

(“[c]ourts must avoid statutory interpretations that are unjust, absurd, or unreasonable”); see also

Hamrick ex rel. Hamrick v. Affton School Dist. Bd. of Educ., 13 S.W.3d 678, 680 (Mo. App. E.D.

2000) (similarly finding).

 In sum, the trial court erred in excluding Driver’s breath sample results on the grounds

the standard compressed ethanol-gas mixture used to maintain the Breath Analyzer was not

provided from an approved supplier because the zip code listed for Intoximeters, Inc. in the

Director’s evidence (63146) was different than the zip code listed for the company in 19 CSR

25-30.051 (63114). The Director’s sole point on appeal is granted.

 III. CONCLUSION

 Based upon the foregoing, the trial court’s judgment is reversed. Given its disposition on

the BAC evidence, the trial court made no findings on whether the Director met his burden to

prove probable cause for Driver’s arrest. Therefore, we must remand the case for further

proceedings consistent with this opinion. See Prade, 492 S.W.3d at 634 (remanding a case under

similar circumstances).

 ROBERT M. CLAYTON III, Judge

Colleen Dolan, P.J., and
Mary K. Hoff, J., concur.

 6